## IN THE COURT OF COMMON PLEAS
## FRANKLIN COUNTY, OHIO

JOHN W. FERRON,
580 N. Fourth Street, Suite 450
Columbus, Ohio 43017,

            Plaintiff,

vs.

SEARCH CACTUS, LLC,
c/o its Resident Agent, Aaron H. Weitzman,
3250 W. Big Beaver Rd., Suite 144
Troy, Michigan 48084,

AARON WEITZMAN,
3250 W. Big Beaver Rd., Suite 144
Troy, Michigan 48084,

DAVID WEINBERG,
3250 W. Big Beaver Rd., Suite 144
Troy, Michigan 48084,

and

MEDIA BREAKAWAY, LLC,
c/o American Management Group, Inc.
311 West Third Street
Carson City, Nevada 89703

            Defendants.

Case No. **09 CVH 06 8293**

Judge _____

Case Designation: H

FILED
COURT OF COMMON PLEAS
JUN 0 9 2009
Franklin County, Ohio
CLERK OF COURTS

## COMPLAINT FOR STATUTORY DAMAGES, DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

## JURY DEMAND ENDORSED HEREON

NOW COMES PLAINTIFF JOHN W. FERRON, by and through his undersigned counsel, and makes the following allegations and claims against Defendants.

### The Parties

1.     PLAINTIFF JOHN W. FERRON ("Plaintiff"):

    (a)    Is a living person and individual, and resident of the state of Ohio;

    (b)    Has, at all times relevant hereto, regularly and routinely opened, read and saved email messages that he receives at the following email addresses: jackferron@aol.com, miataworld@aol.com, packerboy@aim.com; jferron@columbus.rr.com; jferron@ferronlaw.com, including the email messages at issue herein, while Plaintiff was physically located within Franklin County, Ohio; and

    (c)    Has, at all times relevant hereto, made purchases within Ohio from other persons who regularly deal in goods, services and/or intangibles for purposes that are primarily personal, family or household, and has received solicitations within Ohio to supply such items and, therefore, has been a "consumer" as this term is defined in Ohio Revised Code (hereinafter "R.C.") §1345.01(D).

2.    Upon information and belief, and at all times relevant hereto, DEFENDANT SERACH CACTUS, LLC:

    (a)    Has been a Michigan for-profit limited liability company having its principal place of business at 3250 W. Big Beaver, Suite 144, Troy, Michigan, 48084;

    (b)    Has conducted business in the State of Ohio by, among other things, transmitting or authorizing the transmittal of large volumes of commercial email advertisements to consumers residing in Ohio, including Plaintiff, which solicit consumers by promoting, advertising and offering various consumer goods, services and/or intangibles;

2

(c)    Has been a seller, lessor, assignor, franchisor or other person engaged in the business of effecting or soliciting consumer transactions, whether or not it deals directly with the consumer; and

(d)    Has, at all times relevant hereto, dealt in goods, services and/or intangibles for purposes that are primarily personal, family or household, and/or has solicited consumers in Ohio to supply them such items and, therefore, has been a "supplier" as this term is defined in R.C. §1345.01(C).

3.    Upon information and belief, at all times relevant hereto, DEFENDANT AARON WEITZMAN ("Defendant Weitzman"):

(a)    Is a living person, individual and a resident of the state of Michigan;

(b)    At all times relevant hereto was the Chief Executive Officer of Defendant Search Cactus;

(c)    Has been a seller, lessor, assignor, franchisor or other person engaged in the business of effecting or soliciting consumer transactions, whether or not he deals directly with the consumer; and

(d)    Has, at all times relevant hereto, dealt in goods, services and/or intangibles for purposes that are primarily personal, family or household, and/or has solicited consumers in Ohio to supply them such items and, therefore, has been a "supplier" as this term is defined in R.C. §1345.01(C).

4.    Upon information and belief, at all times relevant hereto, DEFENDANT DAVID WEINBERG ("Defendant Weinberg")

(a)    Is a living person and individual, and a resident of the state of Michigan;

(b)    At all times relevant hereto was the President of Defendant Search Cactus;

(c)     Has been a seller, lessor, assignor, franchisor or other person engaged in the business of effecting or soliciting consumer transactions, whether or not he deals directly with the consumer; and

(d)     Has, at all times relevant hereto, dealt in goods, services and/or intangibles for purposes that are primarily personal, family or household, and/or has solicited consumers in Ohio to supply them such items and, therefore, has been a "supplier" as this term is defined in R.C. §1345.01(C).

5.     Upon information and belief, and at all times relevant hereto, DEFENDANT MEDIA BREAKAWAY, LLC:

(a)     Has been a Nevada for-profit limited liability company having its principal place of business at 1490 W. 121st Avenue, Suite 201, Westminster, Colorado, 80234;

(b)     Has conducted business in the State of Ohio by, among other things, transmitting or authorizing the transmittal of large volumes of commercial email advertisements to consumers residing in Ohio, including Plaintiff, which solicit consumers by promoting, advertising and offering various consumer goods, services and/or intangibles;

(c)     Has been a seller, lessor, assignor, franchisor or other person engaged in the business of effecting or soliciting consumer transactions, whether or not it deals directly with the consumer; and

(d)     Has, at all times relevant hereto, dealt in goods, services and/or intangibles for purposes that are primarily personal, family or household, and/or has solicited consumers in Ohio to supply them such items and, therefore, has

been a "supplier" as this term is defined in R.C. §1345.01(C).

**Jurisdiction and Venue**

6.     This Court has jurisdiction over the parties and venue is proper because all or a substantial part of the events giving rise to the claims herein occurred within Franklin County, Ohio, where Defendants authorized, caused, permitted and/or ratified the publication by email of numerous email advertising messages to Plaintiff, as complained of herein.

**The Claims**

7.     This Complaint and all of the claims asserted in it are subject to any court determinations that were on file in the Office of the Ohio Attorney General in its Public Inspection File ("PIF") as of the date of the acts of Defendants complained of herein, including the following determinations:

(a)     PIF# 1288, *State ex rel. Fisher v. Cheeseman,* Oct. 25, 1991;

(b)     PIF# 499, *State ex rel. Brown v. Gem Collectors International, Ltd.*, June 9, 1983;

(c)     PIF# 1485, *Grayson v. Cadillac Builders*, Sept. 14, 1995;

(d)     PIF# 618, *State ex rel. Fisher v. Family Pontiac, Inc.*, Feb. 28, 2002;

(e)     PIF# 2089, *State ex rel. Montgomery v. Explorer Micro, Inc.*, Mar. 14, 2002;

(f)     PIF# 2104, *State ex rel. Montgomery v. Automotive Warranty Corp.*, Aug. 16, 2002;

(g)     PIF# 2195, *State ex rel. Petro v. B&M Automotive Enterprises, Inc.*, Nov. 7, 2003;

(h)     PIF# 2320, *State ex rel. Petro v. Purchase Plus Buyers Group, Inc.*, Dec.

8, 2004;

8.     This Complaint and all of the claims asserted in it are subject to the Ohio consumer advertising regulations set forth in the Ohio Administrative Code (hereinafter "O.A.C."), which were adopted pursuant to R.C. §1345.05(B)(2) and in effect at all times relevant hereto, including O.A.C. 109:4-3-02, O.A.C. 109:4-3-04, and O.A.C. 109:4-3-06.

9.     At all times relevant hereto, O.A.C. 109:4-3-02 has provided as follows:

**109:4-3-02 Exclusions and limitations in advertisements.**

(A)(1) It is a deceptive act or practice in connection with a consumer transaction for a supplier, in the sale or offering for sale of goods or services, to make any offer in written or printed advertising or promotional literature without stating clearly and conspicuously in close proximity to the words stating the offer any material exclusions, reservations, limitations, modifications, or conditions. Disclosure shall be easily legible to anyone reading the advertising or promotional literature and shall be sufficiently specific so as to leave no reasonable probability that the terms of the offer might be misunderstood.

(2) The following are examples of the types of material exclusions, reservations, limitations, modifications, or conditions of offers which must be clearly stated:

(a) An advertisement for any motor vehicle must disclose the amount of any additional charge for any of the features displayed in the advertisement.

(b) An advertisement for an article of clothing must state that there is an additional charge for sizes above or below a certain size if such is the case.

(c) An advertisement which offers floor covering with an additional charge for room sizes above or below a certain size must disclose the nature and amount of any additional charge.

(d)(i) An advertisement for a service or item of goods sold from more than one outlet under the direct control of the supplier causing the advertisement to be made must state:

*(a)* Which outlets within the area served by the publication in which the advertisement appears either have or do not have certain features mentioned in the advertisement;

*(b)* Which outlets within the area served by the publication in which the advertisement appears charge rates higher than the rate mentioned in the advertisement. For example: "Car Rental-seven dollars a day at the Main Street office-all other locations are more."

(ii) An advertisement for a service or item of goods sold from outlets not under the direct control of the supplier causing the advertisement to be made does not violate divisions (A)(2)(d)(i) *(a)* or (A)(2)(d)(i) *(b)* of this rule if it states that the service or item of goods is available only at participating independent dealers.

(e) If the advertised price is available only during certain hours of the day or certain days of the week, that fact must be stated along with the hours and days the price is available.

(f) If the advertisement involves or pictures more than one item of goods (for example: a table and chairs) and the advertised price applies only if the complete set is purchased, that fact must be stated.

(g) If there is a minimum amount (or maximum amount) that must be purchased for the advertised price to apply, that fact must be stated.

(h) If an advertisement specifies a price for an item of goods which includes a trade-in, that fact must be stated. For example: "four tires for fifty dollars plus four tires off your car."

(i) If there is an additional charge for delivery or mail orders, that fact must be disclosed.

(3) These examples are intended to be illustrative only and do not limit the scope of any section of the R.C. or of this or any other rule or regulation.

(B) Offers made through radio or television advertising must be preceded or immediately followed by a conspicuously clear and oral statement of any exclusions, reservations, limitations, modifications, or conditions.

(C) A statement of exclusions, reservations, limitations, modifications, or conditions which appears in a footnote to an advertisement to which reference is made in the advertisement by an asterisk or other symbol placed next to the offer being limited is not in close proximity to the words stating the offer.

10.    At all times relevant hereto, O.A.C. 109:4-3-04 has provided as follows:

**109:4-3-04 Use of word "free" etc.**

(A) It shall be a deceptive act or practice in connection with a consumer transaction for a supplier to use the word "free" or other words of similar import or meaning, except in conformity with this rule. It is the express intent of this rule to prohibit the practice of advertising or offering goods or services as "free" when in fact the cost of the "free" offer is passed on to the consumer by raising the regular (base) price of the goods or services that must be purchased in connection with the "free" offer. In the absence of such a base price a "free" offer is in reality a single price for the combination of goods or services offered, and the fiction that any portion of the offer is "free" is inherently deceptive.

(B) For the purposes of this rule, all references to the word "free" shall include within that term all other words of similar import and meaning. Representative of the word or words to which this rule is applicable would be the following: "Free;" "Buy 1, Get 1 Free;" "2 for 1 Sale;" "50% Off with Purchase of 2." Offers of "free" items of goods or services which may be deceptive for failure to meet the provisions of this rule may not be corrected by the substitution, for the word "free," of such similar words and terms as "gift," "given without charge," "bonus," or other words and terms which tend to convey to the consuming public the impression that an item of goods or services is "free."

(C) When using the word "free" in a consumer transaction, all the terms, conditions, and obligations upon which receipt and retention of the "free" goods or services are contingent shall be set forth clearly and conspicuously at the outset of the offer. Terms, conditions, and obligations of the offer must be printed in a type size half as large as the word "free," and all of the terms, conditions, and obligations should appear in close proximity with the offer of "free" goods or services. Disclosure of the terms of the offer set forth in a footnote of an advertisement to which reference is made by an asterisk or other symbol placed next to the offer is not regarded as making disclosure at the outset.

(D) In a consumer transaction in which goods or services are offered as "free" upon the purchase of other goods or services the supplier must insure:
    (1) That the unit regular price charged for the other goods or services is not increased, or if there is no unit regular price, the unit price charged for the other goods or services is continued for a reasonable period of time;
    (2) That the regular quality of the other goods or services is not reduced, or if there is no regular quality, the quality level of the other goods and services is continued for a reasonable period of time;
    (3) That no other conditions are attached to the offer except for the basic condition that the other goods or services must be purchased in order for the consumer to be entitled to the "free" goods or services.

(E) Only the supplier's regular price for the goods or services to be purchased may be used as the basis for a "free" offer. It is, therefore, a deceptive act or practice for a supplier to offer "free" goods or services based on a price which exceeds the supplier's regular price for other goods or services required to be purchased. Likewise, it is a deceptive act or practice for a supplier to make a "free" offer when the price of other goods or services required to be purchased is based on a price being charged by others in the supplier's trade area for the same or similar goods or services when, in fact, such price is in excess of the supplier's regular price.

(F) (1) "Regular price" means the price at which the goods or services are openly and actively sold by a supplier to the public on a continuing basis for a substantial period of time. A price is not a regular price if:

(a) It is not the supplier's actual selling price;
(b) It is a price which has not been used in the recent past; or
(c) It is a price which has been used only for a short period of time.
(2) "Regular quality" means the quality level at which the goods and services are openly and actively sold by the supplier to the public on a continuing basis for a substantial period of time. A quality level is not a regular quality if:
(a) It is not the supplier's actual quality level;
(b) It is a quality level that has not been used in the recent past; or
(c) It is a quality level which has been used only for a short period of time.

(G) It is recognized that some goods and services are almost never sold at a single regular price, but are instead sold by means of individual negotiated transactions. A supplier of goods or services sold in negotiated transactions is not precluded by this rule from making a "free" offer provided the supplier is able to establish a mean average price immediately prior to the "free" offer, the goods or services are fungible, and the mean average price during the "free" offer does not exceed the mean average price immediately prior thereto.

(H) Continuous or repeated "free" offers are deceptive acts or practices since the supplier's regular price for goods to be purchased by consumers in order to avail themselves of the "free" goods will, by lapse of time, become the regular price for the "free" goods or services together with the other goods or services required to be purchased. Under such circumstances, therefore, an offer of "free" goods or services is merely illusory and deceptive.

(I) This rule does not preclude the use of nondeceptive, "combination" offers in which two or more items of goods and/or services such as toothpaste and a toothbrush, or soap and deodorant, or clothing and alterations are offered for sale as a single unit at a single stated price, and in which no representation is made that the price is being paid for one item and the other is "free." Similarly, suppliers are not precluded from setting a price for an item of goods or services which also includes furnishing the consumer with a second, distinct item of goods or services at one inclusive price if no representation is made that the latter is free.

11.    At all times relevant hereto, O.A.C. 109:4-3-04 has provided as follows:

**109:4-3-06. Prizes.**

(A) It shall be a deceptive act or practice in connection with a consumer transaction for a supplier to in any way notify any consumer or prospective consumer that the consumer has

(1) Won a prize or will receive anything of value, or

(2) Been selected, or is eligible, to win a prize or receive anything of value, if the receipt of the prize or thing of value is conditioned upon the consumer's listening to or observing a sales promotional effort or entering into a consumer transaction, unless the supplier clearly and conspicuously discloses, at the time of notification of the prize, that an attempt will be made to induce the consumer or prospective consumer to undertake a monetary obligation irrespective of whether that obligation constitutes a consumer transaction. The supplier must further disclose the market value of the prize or thing of value, that the prize or thing of value could not benefit the consumer or prospective consumer without the expenditure of the consumer's or prospective consumer's time or transportation expense, or that a salesperson will be visiting the consumer's or prospective consumer's residence, if such is the case.

(B) A statement to the effect that the consumer or prospective consumer must observe or listen to a "demonstration" or promotional effort in connection with a consumer transaction does not satisfy the requirements of this rule, unless the consumer or prospective consumer is told that the purpose of the demonstration is to induce the consumer or prospective consumer to undertake a monetary obligation irrespective of whether that obligation constitutes a consumer transaction.

(C) The following example illustrates a violation of this rule as a result of a lack of disclosure relative to a promotional presentation which is not a consumer transaction:

A free vacation is offered in connection with the purchase of a set of encyclopedias. All disclosures required by this rule are made except that during the vacation the consumer is required to observe a sales presentation for real estate. An offer to sell real estate is not a consumer transaction, but it is an attempt to induce the consumer to undertake a monetary obligation, and such attempt was initiated in connection with a consumer transaction (the sale of encyclopedias).

(D) It shall be a deceptive act or practice in connection with a consumer transaction for a supplier to in any way notify any consumer or prospective consumer that the consumer has:

(1) Won a prize or will receive anything of value, if such is not the case; or

(2) Been selected, or is eligible, to win a prize or receive anything of value, if the receipt of the prize or thing of value is conditioned upon the payment of a service charge, handling charge, mailing charge, or other similar charge; or

(3) Been selected, or is eligible, to win a prize or receive anything of value

unless the supplier clearly and conspicuously discloses to the consumer any and all conditions necessary to win the prize or receive anything of value.

12.    Upon information and belief, between January 7, 2006 and February 14, 2007, Defendants, by themselves and/or acting through one or more authorized agents, knowingly, intentionally and purposely transmitted, or caused to be transmitted, the below-identified 555 email messages (hereinafter the "555 Emails") to the Email Addresses of Plaintiff.

13.    Each of the 555 Emails conveys a commercial advertisement for the sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things and, therefore, each of the 555 Emails is a "consumer transaction" as this term is defined in R.C. §1345.01(A).

<u>Emails Defendants Sent or Caused to be Sent to</u>
<u>Plaintiff's Email Address of jferron@columbus.rr.com</u>

14.    Upon information and belief, on or about January 2, 2006, at approximately 3:38 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 1", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "free" or be awarded as a prize a $500 Target Gift Card with Free Shipping and No Commitments!", which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that

are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a "$500 Target Gift Card with Free Shipping and No Commitments!", but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a "$500 Target Gift Card with Free Shipping and No Commitments!", but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "free" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a "$500 Target Gift Card with Free Shipping and No Commitments!", but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Prize Dept", "Look Dog", and "Reward Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names

that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the display of these fictitious names constitutes an unfair or deceptive act or practice that violates R.C. §1345.02(A).

15.    Upon information and belief, on or about January 7, 2006, at approximately 10:31 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 2", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "free" or be awarded as a prize a $500 Toys R Us Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Toys R Us Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Toys R Us Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "free" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a $500 Toys R Us Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Target Dealz", "Look Dog" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the display of these fictitious names constitutes an unfair or deceptive act or practice that violates R.C. §1345.02(A).

16.    Upon information and belief, on or about January 21, 2006, at approximately 8:16 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 3", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "free" or be awarded as a prize a $500 Best Buy Gift

Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Best Buy Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Best Buy Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "free" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a $500 Best Buy Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)  displays within the body of the email the names "Target Dealz", "Look Dog" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the display of these fictitious names constitutes an unfair or deceptive act or practice that violates R.C. §1345.02(A).

17.  Upon information and belief, on or about January 25, 2006, at approximately 9:42 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 4", which:

(a)  is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "free" or be awarded as a prize a $500 Best Buy Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)  is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)  is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)  conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Best Buy Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which

16

Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Best Buy Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "free" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a $500 Best Buy Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Claims Dept", "Look Dog" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the display of these fictitious names constitutes an unfair or deceptive act or practice that violates R.C. §1345.02(A).

18.    Upon information and belief, on or about January 26, 2006, at approximately 3:30 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct

printout of which is attached hereto and identified as "Exhibit 5", which:

(a)   is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "free" or be awarded as a prize a $500 DSW Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)   is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)   is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)   conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 DSW Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)   conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 DSW Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "free" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)   informs Plaintiff that he is eligible to receive from Defendants a $500 DSW Gift Card, but fails to disclose clearly and conspicuously all of the

conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)   displays within the body of the email the names "Target Dealz", "Look Dog" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the display of these fictitious names constitutes an unfair or deceptive act or practice that violates R.C. §1345.02(A).

19.   Upon information and belief, on or about January 27, 2006, at approximately 3:33 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 6", which:

(a)   is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "free" or be awarded as a prize a $500 Best Buy Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)   is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)   is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)   conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Best

Buy Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Best Buy Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "free" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a $500 Best Buy Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Target Dealz", "Look Dog" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the display of these fictitious names constitutes an unfair or deceptive act or practice that violates R.C. §1345.02(A).

20.     Upon information and belief, on or about January 28, 2006, at approximately 11:08 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 7", which:

(a)     is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "free" or be awarded as a prize a $500 Sears Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)     is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)     is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)     conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Sears Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)     conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Sears Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "free" item are contingent clearly and conspicuously at the outset of the offer and,

therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a $500 Sears Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Prize Dept", "Look Dog" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the display of these fictitious names constitutes an unfair or deceptive act or practice that violates R.C. §1345.02(A).

21.    Upon information and belief, on or about January 31, 2006, at approximately 12:18 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 8", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "free" or be awarded as a prize a $500 Best Buy Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that

22

are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Best Buy Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Best Buy Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "free" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a $500 Best Buy Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Target Dealz", "Look Dog" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time

the email was sent to Plaintiff and, therefore, the display of these fictitious names constitutes an unfair or deceptive act or practice that violates R.C. §1345.02(A).

22.    Upon information and belief, on or about January 31, 2006, at approximately 1:58 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 9", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "free" or be awarded as a prize a Dell Inspiron Notebook Computer, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a Dell Inspiron Notebook Computer, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a Dell

Inspiron Notebook Computer, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "free" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)     informs Plaintiff that he is eligible to receive from Defendants a Dell Inspiron Notebook Computer, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)     displays within the body of the email the names "Claims Dept" and "Look Dog" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the display of these fictitious names constitutes an unfair or deceptive act or practice that violates R.C. §1345.02(A).

23.     Upon information and belief, on or about February 2, 2006, at approximately 11:35 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 10", which:

(a)     is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "free" or be awarded as a prize a $500 Best Buy Gift Card, which is a good, service and/or intangible for purposes that are

25

primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Best Buy Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Best Buy Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "free" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a $500 Best Buy Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Target Dealz", "Look

Dog" and "Rewards Gateway" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the display of these fictitious names constitutes an unfair or deceptive act or practice that violates R.C. §1345.02(A).

24.    Upon information and belief, on or about April 6, 2006, at approximately 2:28 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 11", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "free" or be awarded as a prize a $1000 College Scholarship, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $1000 College Scholarship, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in

the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $1000 College Scholarship, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "free" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a $1000 College Scholarship, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the name "Look Dog" and "Hydromatic" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the display of these fictitious names constitutes an unfair or deceptive act or practice that violates R.C. §1345.02(A).

25.    Upon information and belief, on or about April 10, 2006, at approximately 8:11 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 12", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "free" or be awarded as a prize a Sopranos DVD Set, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a Sopranos DVD Set, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a Sopranos DVD Set, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "free" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a Sopranos DVD Set, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of

value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)     displays within the body of the email the names "Online Giveaways", "Look Dog" and "Empire" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the display of these fictitious names constitutes an unfair or deceptive act or practice that violates R.C. §1345.02(A).

26.    Upon information and belief, on or about April 22, 2006, at approximately 8:33 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 13", which:

(a)     is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "free" or be awarded as a prize a $1000 College Scholarship, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)     is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)     is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)     conveys to Plaintiff Defendants' offer to provide to Plaintiff a $1000 College Scholarship, but fails to set forth clearly and conspicuously, and

in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)     conveys to Plaintiff Defendants' offer to provide to Plaintiff a $1000 College Scholarship, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "free" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)     informs Plaintiff that he is eligible to receive from Defendants a $1000 College Scholarship, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)     displays within the body of the email the names "Look Dog" and "Hydromatic" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the display of these fictitious names constitutes an unfair or deceptive act or practice that violates R.C. §1345.02(A).

27.     Upon information and belief, on or about April 23, 2006, at approximately 1:56

a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 14", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "free" or be awarded as a prize a Sirius S50 Portable Satellite Radio, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a Sirius S50 Portable Satellite Radio, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a Sirius S50 Portable Satellite Radio, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "free" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)     informs Plaintiff that he is eligible to receive from Defendants a Sirius S50 Portable Satellite Radio, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)     displays within the body of the email the names "Incentive Leader" and "Hydromatic" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the display of these fictitious names constitutes an unfair or deceptive act or practice that violates R.C. §1345.02(A).

28.     Upon information and belief, on or about April 24, 2006, at approximately 12:17 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 15", which:

(a)     is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "free" or be awarded as a prize a $500 Toys R Us Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)     is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Toys R Us Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Toys R Us Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "free" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a $500 Toys R Us Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the name "Look Dog" in such a manner as to imply that it is the name of the sender of the email, but this name is a fictitious name that was not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the display of this fictitious name constitutes an unfair or deceptive act or

practice that violates R.C. §1345.02(A).

29.    Upon information and belief, on or about May 18, 2006, at approximately 12:43 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 16", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "free" or be awarded as a prize a Sony Bravia Digital LCD HDTV, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a Sony Bravia Digital LCD HDTV, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a Sony Bravia Digital LCD HDTV, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "free" item

35

are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a Sony Bravia Digital LCD HDTV, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the names "Factory cntr" and "Incentive Leader" and "Mountain of Savings" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the display of these fictitious names constitutes an unfair or deceptive act or practice that violates R.C. §1345.02(A).

30.    Upon information and belief, on or about May 23, 2006, at approximately 9:08 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 17", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "free" or be awarded as a prize a Sony Bravia Digital LCD HDTV, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other

transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)  is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)  conveys to Plaintiff Defendants' offer to provide to Plaintiff a Sony Bravia Digital LCD HDTV, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)  conveys to Plaintiff Defendants' offer to provide to Plaintiff a Sony Bravia Digital LCD HDTV, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "free" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)  informs Plaintiff that he is eligible to receive from Defendants a Sony Bravia Digital LCD HDTV, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)  displays within the body of the email the names "Factory cntr", "Incentive Leader" and "Bell Ringer Savings Club" in such a manner as to imply that these are the names of the senders of the email, but these names are

fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the display of these fictitious names constitutes an unfair or deceptive act or practice that violates R.C. §1345.02(A).

31.    Upon information and belief, on or about June 1, 2006, at approximately 11:42 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 18", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "free" or be awarded as a prize a Sony Vaio SZ Notebook, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a Sony Vaio SZ Notebook, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)     conveys to Plaintiff Defendants' offer to provide to Plaintiff a Sony Vaio SZ Notebook, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "free" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)     informs Plaintiff that he is eligible to receive from Defendants a Sony Vaio SZ Notebook, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)     displays within the body of the email the names "Incentive Leader" and "Bell Ringer Savings Club" in such a manner as to imply that these are the names of the senders of the email, but these names are fictitious names that were not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the display of these fictitious names constitutes an unfair or deceptive act or practice that violates R.C. §1345.02(A).

32.     Upon information and belief, on or about August 29, 2006, at approximately 12:35 pm., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, jferron@columbus.rr.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 19", which:

(a)     is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "free" or be awarded as a trip to Las Vegas, which is

a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a trip to Las Vegas, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a trip to Las Vegas, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "free" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a trip to Las Vegas, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the name "Incentive Leader" in such a manner as to imply that this is the name of the sender of the email, but this name is a fictitious name that was not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the display of this fictitious name constitutes an unfair or deceptive act or practice that violates R.C. §1345.02(A).

**Emails Defendants Sent or Caused to be Sent to**
**Plaintiff's Email Address of packerboy@aol.com**

33.    Upon information and belief, on or about October 27, 2006, at approximately 4:01 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, packerboy@aol.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 20", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "free" or be awarded as a prize a vacation getaway to Las Vegas, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a vacation getaway to Las Vegas, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon

which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)   conveys to Plaintiff Defendants' offer to provide to Plaintiff a vacation getaway to Las Vegas, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "free" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)   informs Plaintiff that he is eligible to receive from Defendants a vacation getaway to Las Vegas, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)   displays within the body of the email the name "Incentive Leader" in such a manner as to imply that it is the name of the sender of the email, but this name is a fictitious name that was not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the display of this fictitious name constitutes an unfair or deceptive act or practice that violates R.C. §1345.02(A).

34.   Upon information and belief, on or about November 3, 2006, at approximately 8:56 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, packerboy@aol.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 21", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "free" or be awarded as a prize a Plasma TV, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a Plasma TV, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a Plasma TV, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "free" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a Plasma TV, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and,

therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g) displays within the body of the email the name "Incentive Leader" in such a manner as to imply that it is the name of the sender of the email, but this name is a fictitious name that was not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the display of this fictitious name constitutes an unfair or deceptive act or practice that violates R.C. §1345.02(A).

35. Upon information and belief, on or about November 6, 2006, at approximately 6:26 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, packerboy@aol.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 22", which:

(a) is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "free" or be awarded as a prize a getaway to Las Vegas, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b) is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c) is a "consumer transaction" as defined in R.C. §1345.01(A);

(d) conveys to Plaintiff Defendants' offer to provide to Plaintiff a getaway to Las Vegas, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions,

reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a getaway to Las Vegas, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "free" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a getaway to Las Vegas, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the name "Incentive Leader" in such a manner as to imply that it is the name of the sender of the email, but this name is a fictitious name that was not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the display of this fictitious name constitutes an unfair or deceptive act or practice that violates R.C. §1345.02(A).

36.    Upon information and belief, on or about November 10, 2006, at approximately 9:14 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, packerboy@aol.com, of an email message, a true and correct printout of

which is attached hereto and identified as "Exhibit 23", which:

(a)    is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "free" or be awarded as a prize a laptop computer, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)    is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)    is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a laptop computer, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a laptop computer, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "free" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a laptop computer, but fails to disclose clearly and conspicuously all of the

conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)   displays within the body of the email the name "Incentive Leader" in such a manner as to imply that it is the name of the sender of the email, but this name is a fictitious name that was not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the display of this fictitious name constitutes an unfair or deceptive act or practice that violates R.C. §1345.02(A).

37.   Upon information and belief, on or about November 19, 2006, at approximately 2:24 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, packerboy@aol.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 24", which:

(a)   is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "free" or be awarded as a prize a Home Depot Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)   is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)   is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)   conveys to Plaintiff Defendants' offer to provide to Plaintiff a Home Depot Gift Card, but fails to set forth clearly and conspicuously, and in

close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)    conveys to Plaintiff Defendants' offer to provide to Plaintiff a Home Depot Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "free" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)    informs Plaintiff that he is eligible to receive from Defendants a Home Depot Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)    displays within the body of the email the name "Incentive Leader" in such a manner as to imply that it is the name of the sender of the email, but this name is a fictitious name that was not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the display of this fictitious name constitutes an unfair or deceptive act or practice that violates R.C. §1345.02(A).

38.    Upon information and belief, on or about November 19, 2006, at approximately 3:40 a.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to

Plaintiff's email account, packerboy@aol.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 25", which:

(a)   is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "free" or be awarded as a prize a $500 Costco Gift Card, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)   is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)   is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)   conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Costco Gift Card, but fails to set forth clearly and conspicuously, and in close proximity to the words stating the offer, any and all material exclusions, reservations, limitations, modifications or conditions upon which Plaintiff's receipt and/or retention of the "FREE" items described in the solicitation are contingent and, therefore, it violates O.A.C. §109:4-3-02(C) and R.C. §1345.02(A);

(e)   conveys to Plaintiff Defendants' offer to provide to Plaintiff a $500 Costco Gift Card, but fails to disclose all of the terms, conditions and obligations upon which Plaintiff's receipt and retention of the "free" item are contingent clearly and conspicuously at the outset of the offer and, therefore, it violates O.A.C. §109: 4-3-04(C) and R.C. §1345.02(A);

(f)   informs Plaintiff that he is eligible to receive from Defendants a $500

Costco Gift Card, but fails to disclose clearly and conspicuously all of the conditions that Plaintiff must meet in order to receive the prize or item of value and, therefore, the advertisement violates O.A.C. §109: 4-3-06(D) and R.C. §1345.02(A);

(g)   displays within the body of the email the name "Fullfillment Dept" in such a manner as to imply that it is the name of the sender of the email, but this name is a fictitious name that was not properly registered with the Ohio Secretary of State at the time the email was sent to Plaintiff and, therefore, the display of this fictitious name constitutes an unfair or deceptive act or practice that violates R.C. §1345.02(A).

39.   Upon information and belief, on or about November 19, 2006, at approximately 1:59 p.m., Defendants knowingly authorized, caused, permitted and/or ratified the transmittal to Plaintiff's email account, packerboy@aol.com, of an email message, a true and correct printout of which is attached hereto and identified as "Exhibit 26", which:

(a)   is an advertisement notifying Plaintiff that he has been selected or is eligible to receive for "free" or be awarded as a prize a Tiffany Century Ring, which is a good, service and/or intangible for purposes that are primarily personal, family or household;

(b)   is a solicitation for the sale, lease, assignment, award by chance, or other transfer of one or more goods, services and/or intangibles for purposes that are primarily personal, family or household;

(c)   is a "consumer transaction" as defined in R.C. §1345.01(A);

(d)   conveys to Plaintiff Defendants' offer to provide to Plaintiff a Tiffany

50